# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIE HAYNES,<br><br>　　　　　　Defendant. | 8:08CR441<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on the Defendant's Motion to Reduce Sentence, ECF No. 109. He seeks relief pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, which reduced the penalties for certain crack cocaine offenses. Although the Defendant was sentenced on October 1, 2009, before the effective date of the Fair Sentencing Act, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), at § 404, permits sentencing judges to apply the Fair Sentencing Act to sentences imposed before August 3, 2010.

　　　　The Defendant Willie Haynes pled guilty to Count II of the Indictment, charging him with possession with intent to deliver five grams or more of cocaine base. He was held responsible for at least one ounce (28.35 grams) of cocaine base, triggering a statutory mandatory minimum term of five years pursuant to 21 U.S.C. § 841(b)(1)(B). His prior felony drug convictions caused his sentence to be enhanced pursuant to 21 U.S.C. § 851, and his statutory mandatory minimum term became ten years under 21 U.S.C. § 841(b)(1)(B), and his range of imprisonment under the U.S. Sentencing Guidelines was 262 months to 327 months. The Court granted a motion for variance and sentenced Haynes to a term of 188 months imprisonment and eight years of supervised release.

Haynes appealed his sentence, asserting that he should have been sentenced at the statutory mandatory minimum term of ten years.  His sentence was affirmed on appeal.

While § 401 of the First Step Act reduces and restricts enhanced sentencing for prior drug felony convictions, that portion of the First Step Act has no retroactive application.  If the Fair Sentencing Act had been in effect at the time of Haynes's sentencing, his Total Offense Level and his range of imprisonment under the U.S. Sentencing Guidelines would have remained unchanged.  Haynes received a substantial benefit by way of a variance well below his sentencing range under the Guidelines, and The First Step Act provides him with no further relief.

IT IS ORDERED:

1. The Defendant's Motion to Reduce Sentence, ECF No. 109, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 28th day of February 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge