**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIE HAYNES, <br><br> Defendant. | 8:08CR441 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Reduce Sentence under Section 404 of the First Step Act, ECF No. 115. Defendant Willie Haynes seeks relief pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, which reduced the penalties for certain crack cocaine offenses. He also seeks a plenary re-sentencing hearing. The government opposes the Motion in all respects. Brief in Opposition, ECF No. 116.

As a preliminary matter, although this Court denied Haynes's pro se correspondence filed as a "Motion to Reduce Sentence," ECF No. 109, in an earlier Memorandum and Order, ECF No. 112, the Federal Public Defender has since entered his appearance and submitted the pending Motion, ECF No. 115, and Brief, ECF No. 114, presenting new arguments. Accordingly, the Court does not consider its earlier Memorandum and Order, ECF No. 112, to have been "a complete review of the motion on the merits" and concludes that the pending Motion is not barred by § 404(c) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

**PROCEDURAL BACKGROUND**

Haynes pled guilty to Count II of the Indictment, charging him with possession with intent to deliver five grams or more of cocaine base. In his plea agreement, ECF No. 40, Page ID 74, he agreed he should be held responsible beyond a reasonable doubt for at least 20 grams but less than 35 grams of cocaine base. In the Presentence Investigation Report, ECF 52, Page ID 129-30, he was held responsible for at least one ounce (28.35 grams) of cocaine base. Although defense counsel raised several objections to the Presentence Investigation Report, there was no objection to the finding regarding drug quantity. The Court accepted the Presentence Investigation Report and adopted the facts in the report as the Court's factual findings. See Sentencing Transcript, ECF No. 63, Page ID 177. Haynes's statutory mandatory minimum term of five years was increased to ten years pursuant to 21 U.S.C. § 851 and 21 U.S.C. § 841(b)(1)(B), due to his prior felony drug convictions. He was deemed a career offender, and his range of imprisonment under the Sentencing Guidelines was 262 months to 327 months. The Court considered all the 18 U.S.C. § 3553(a) factors, varied downward from the advisory guideline range, and sentenced Haynes to a term of 188 months imprisonment and eight years of supervised release, finding the sentence to be sufficient but not greater than necessary to satisfy all the § 3553(a) factors. ECF No. 63 at Page ID 188-89. Haynes appealed his sentence, asserting that he should have been sentenced at the statutory mandatory minimum term of ten years. His sentence was affirmed on appeal.

## DISCUSSION

Haynes contends he is entitled to a plenary re-sentencing under the Fair Sentencing Act, which he predicts would yield an advisory guideline range of 188 to 235

months. He suggests a sentence of 135 months would result if the Court varied 28% below the low end of the new guideline range as it did at the original sentencing.

First, he argues that he pled guilty to possession with intent to deliver five grams or more of cocaine base and cannot be held responsible for a greater quantity, thereby giving him the benefit of the Fair Sentencing Act's revision to 21 U.S.C. § 841(b)(1)(B)(iii) and causing his offense to fall under 21 U.S.C. § 841(b)(1)(C). The Court acknowledges that if Haynes were held responsible for only five grams of cocaine base under the Fair Sentencing Act, his range of imprisonment under the advisory guidelines would have been 188 to 235 months.

Second, he argues that because § 404(b) of the First Step Act permits courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed," a plenary re-sentencing is required, with the defendant present and all 18 U.S.C. § 3553(a) factors re-considered, including post-incarceration rehabilitation.

The Court finds Haynes's arguments unpersuasive. First, the government charged the offense in Count II of the Indictment in accordance with the wording of the statutes as they existed at the time of the Indictment. If the Fair Sentencing Act had been in effect at the time of the Indictment, the underlying and undisputed facts demonstrate that the government still would have charged Haynes under 21 U.S.C. § 841(b)(1)(B)(iii). Second, § 404(b) of the First Step Act provides that a court "may" . . . "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(c) provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

This language vests discretion in the sentencing court to look at the facts and procedural history of each case when deciding whether to exercise discretion to reduce a sentence. Third, Fed. R. Crim. P. 43(b) provides: "A defendant need not be present under any of the following circumstances: . . . (4) The proceeding involves the correction or reduction of a sentence under . . . 18 U.S.C. § 3582(c)." Section 3582(c) provides: "A court may not modify a term of imprisonment once it has been imposed except that-- . . . (1)(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"

Haynes argues that a court's power to "impose" a reduced sentence under § 404(b) of the First Step Act should be distinguished from the power to "modify" a previously imposed term of imprisonment—the former requiring a plenary re-sentencing hearing and the latter not. This Court sees no basis for that distinction.

Finally, even if Haynes's guideline range at sentencing had been 188 to 235 months, as he contends it should be with the application of the Fair Sentencing Act, the Court still would have concluded that a sentence of 188 months was sufficient but not greater than necessary to satisfy all the 18 U.S.C. § 3553(a) factors.

Accordingly,

IT IS ORDERED:

The Defendant's Motion to Reduce Sentence under Section 404 of the First Step Act, ECF No. 115, is denied.

Dated this 28th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge